# UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| JOHN DEERE INSURANCE COMPANY n/k/a SENTRY SELECT INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>UNIVERSAL UNDERWRITERS GROUP, UNIVERSAL UNDERWRITERS INSURANCE COMPANY and DOES 1 through 50, inclusive<br><br>          Defendants. | CASE NO.:   1:06-cv-00381 LJO-SMS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS** |

**1.      PLAINTIFF'S MOTION TO STAY.**

Plaintiff, John Deere Insurance Company n/k/a Sentry Select Insurance Company ("Sentry") filed the present Motion to Stay the Proceedings regarding Plaintiff's First Amended Complaint on October 31, 2007.  Defendant, Universal Underwriters Insurance Company ("Universal") filed its Opposition on November 19, 2007.  Sentry filed a Reply on November 29, 2007.

Upon review of the above-referenced pleadings, on December 4, 2007, the Honorable Sandra M. Snyder, United States Magistrate Judge, vacated the hearing on the Motion to Stay the Proceedings pursuant to Local Rule 78-230(h), granted the Motion to Stay the Proceedings (Doc. No. 30) and vacated the present summary judgment briefing schedule (Doc. No. 33).

## 2. BACKGROUND.

### A. The Insurance Coverage Declaratory Relief Actions:

Sentry filed the present action for declaratory relief and reimbursement against Universal on April 5, 2006. This action is hereinafter referred to as "*Sentry v. Universal*."

Both Sentry and Universal insure Sanders Oldsmobile-Cadillac, Inc. ("Sanders") and *Sentry v. Universal* concerns the insurance coverage for Sanders.

Sentry also filed an action *(John Deere Insurance Company n/k/a Sentry Select Insurance Company v. Sanders Oldsmobile-Cadillac, et al. - Case No. 1:07cv0010 LJO SMS)* for declaratory relief and reimbursement against Sanders in the U.S. District Court, Central District of California, Fresno Division. This action is hereinafter referred to as "*Sentry v. Sanders*."

### B. The Underlying Actions:

The following state court third party actions against Sanders underlie the insurance coverage declaratory relief actions. These actions are as follows:

*Zavala, et al. v. Sanders, et al.* (Stanislaus County Superior Court Case No. 311180) This action was tried and a defense verdict obtained.

*Allen, et al. v. Sanders, et al.* (Stanislaus County Superior Court Case No. 311249) This action was filed in May 2002 and settled before trial in April 2004.

*Dominguez, et al. v. Sanders, et al.* (Stanislaus County Superior Court Case No. 3112349) This action was also filed in May 2002. After a jury and bench trial, it was found that the plaintiffs had sustained no monetary damages but that Sanders' conduct was predatory. Restitution was awarded to the plaintiffs. On appeal, this verdict was reversed and remanded to the California Superior Court where it is presently being litigated.

### C. Procedural Background:

Sentry filed its complaint in *Sentry v. Universal* on April 5, 2006. On July 28, 2006, Sentry filed a Notice of Voluntary Dismissal without prejudice and a First Amended Complaint. This action seeks contribution from Universal for the amounts expended by Sentry in the defense and settlement in *Allen*.

On January 3, 2007, Sentry filed its complaint in *Sentry v. Sanders*, an action for declaratory

relief and reimbursement against Sanders for the amounts expended in the settlement of *Allen* and for the amounts expended in the defense of Sanders in *Allen* and *Dominguez*. Sentry filed an amended complaint on January 5, 2007.

On February 6, 2007, Universal filed a Notice of Related Action, stating that *Sentry v. Sanders* is related to *Sentry v. Universal,* asserting the following:

> "The Sanders action is related to the instant action in that both cases question the coverage obligations of . . . . Sentry . . . . with respect to an underlying lawsuit against Sanders . . . entitled Allen . . . . In the instant case, Sentry seeks reimbursement from Universal of the amounts it paid to defend and indemnify Sanders . . . . In the Sanders Action, Sentry apparently seeks reimbursement of the same amounts from Sanders . . . . to the extent Sentry is seeking reimbursement of the same amounts from different parties in different cases, there is a risk of inconsistent judgments."

> "Due to the overlapping factual and legal issues, coordination of these cases for case management and discovery purposes will conserve judicial resources, promote an efficient determination of these disputes and avoid inconsistent judgments."

On February 13, 2007, the Court set a summary judgment briefing schedule in *Sentry v. Universal*.

On April 13, 2007, Sanders filed a motion to stay *Sentry v. Sanders* pending the resolution of the underlying *Dominguez* state court action on the grounds that this would avoid factual inconsistencies and advisory opinions.

On May 24, 2007, pursuant to the parties' stipulation, the Court in *Sentry v. Universal* continued the summary judgment schedule for another ninety days.

On August 9, 2007, the Honorable Sandra M. Snyder, United States Magistrate Judge, granted Sanders' motion to stay *Sentry v. Sanders* and made the following findings:

> "The resolution of the issues before this Court turns on factual questions that are intertwined with issues in the underlying actions."
>
> .   .   .   .   .
>
> Although the *Allen* action is final, the case was settled without factual findings and discovery will therefore be necessary to resolve the declaratory relief issues . . . . there is a great deal of overlap in the *Allen* and *Dominguez* actions . . . . So, while the *Allen* action is final, the discovery necessary to resolve the coverage issues is very similar to the discovery in *Dominguez,* and going forward on *Allen* would result in a needless waste of judicial resources.
>
> .   .   .   .   .

> . . . . the outcome of the underlying *Dominguez* action will be dispositive of many of the issues before this Court, i.e., the scope of Plaintiff's duty to defend and indemnify. Moreover, along with the risk of duplicative litigation comes the risk of inconsistent outcomes."

On August 29, 2007, pursuant to the parties' stipulation, the Court in *Sentry v. Universal* continued the summary judgment schedule an additional ninety days.

On November 21, 2007, pursuant to the parties' stipulation, the Court in *Sentry v. Universal* continued the summary judgment schedule an additional sixty days.

### 3. FINDINGS.

#### A. Legal Standard:

Courts have the discretion to stay insurance coverage actions until after the underlying actions have been decided. Courts may stay an insurance coverage action to avoid inconsistent determinations that could prejudice an insured. Montrose Chemical Corp. of Calif. v. Superior Court (1993) 6 Cal.4th 287. California Ins. Guarantee Assoc. v. Superior Court (1991) 231 Cal.App.3rd 1617.

Additionally, Courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies the subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co. (1995) 515 U.S. 277; Brillhart v. Excess Ins. Co. (1942) 316 U.S. 491.

#### B. Analysis:

In *Sentry v. Sanders,* this Court found that the resolution of the insurance issues turns on factual questions that are intertwined with issues in the underlying actions and made the following additional findings:

1. There are unresolved factual issues in *Dominguez* that pertain to *Allen* and are relevant to the issues relating to Sentry's insurance coverage.
2. There is a great deal of overlap in the *Allen* and *Dominguez* actions and while the *Allen* action is final, the discovery necessary to resolve the coverage issues is very similar to the discovery in *Dominguez*.
3. Going forward on *Sentry v. Sanders* may result in needless factual determinations that would result in a needless waste of judicial resources.

Based upon these factors, this Court granted Sanders' motion to stay *Sentry v. Sanders*.

*Sentry v. Universal* involves the same insured and the same insurance coverage as respects *Allen*. Universal has asserted as a defense to this action that Sentry's policy did not provide coverage for *Allen* and that Sentry acted as a volunteer in defending and indemnifying Sanders in *Allen*. Universal, in its Notice of Related Action, admits that *Sentry v. Sanders* and the present action should be related and coordinated due to a "risk of inconsistent judgments" and because of "overlapping factual and legal issues." Resolution of the coverage issues in *Sentry v. Universal* turns on factual questions that are intertwined with issues in *Dominguez*.

If *Sentry v. Universal* is not stayed, then there will be a significant risk of inconsistent findings that may prejudice Sanders. A stay of this action will avoid factual inconsistencies and inconsistent results.

There is no prejudice to Universal if this action is stayed and it has not asserted any.

Based upon the above, the Court therefore GRANTS plaintiff's motion to stay the instant action and VACATES the summary judgment briefing schedule set by the Court on November 21, 2007.

IT IS SO ORDERED.

**Dated:   January 7, 2008**                  /s/ Sandra M. Snyder
                                                                UNITED STATES MAGISTRATE JUDGE

- PROPOSED - ORDER GRANTING PLAINTIFF'S MOTION TO STAY PROCEEDINGS